UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN LOPEZ, § | | |
| and all others similarly situated under § | | |
| 29 U.S.C. § 216(b), § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Cause No. | |
| § | | |
| VERASTIQUE ENTERPRISES, INC. § | | |
| d/b/a QUICK TRIP MOVERS § | | |
| and MICHAEL I. VERASTIQUE § | | |
| Defendants. § | | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, MARTIN LOPEZ, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS and MICHAEL I. VERASTIQUE and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Denton County, Texas at the time that this dispute arose.

3. The Defendant VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS is a company that regularly transacts business within the Northern District of Texas. Upon information and belief, VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS (the "Defendant Company") was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MICHAEL I. VERASTIQUE is a corporate officer and/or owner and/or manager of VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS who ran the day-to-day operations of VERASTIQUE ENTERPRISES, INC.

d/b/a QUICK TRIP MOVERS for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Venue is proper in the Northern District of Texas because the Defendant Company regularly transacts business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff, MARTIN LOPEZ, worked for Defendants as a mover and helping to deliver

furniture from on or about August 2014 through the present and ongoing.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Company had gross sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 14 below, in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

12. Upon information and belief, the Defendant Company's sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 14 below, is expected to exceed $500,000 for the year 2017.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, Defendant VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS is part of a joint enterprise as defined by 29 U.S.C. § 203(r)

together with Furniture Buy Consignment, Inc. and Verastique-Frisco, LLC as the related activities between the businesses, performed through unified operation and/or common control, are being done for a common business purpose.  Defendant MICHAEL I. VERASTIQUE is identified as the President and a Director of VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS, the Vice President of Furniture Buy Consignment, Inc., and a member of Verastique-Frisco, LLC in the records of the Texas Secretary of State.  Another individual, Jane A. Verastique, is identified as the Vice President and a Director of VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS, the President of Furniture Buy Consignment, Inc., and a member of Verastique-Frisco, LLC in the records of the Texas Secretary of State.  VERASTIQUE ENTERPRISES, INC. d/b/a QUICK TRIP MOVERS, Furniture Buy Consignment, Inc., and Verastique-Frisco, LLC each share the same business address in the records of the Texas Secretary of State.  The business of the enterprise described above is the sale and delivery of furniture and other on request, short haul moving services.

15. From on or about August 1, 2014 through on or about the present and ongoing, Plaintiff, MARTIN LOPEZ, worked an average of 60 hours per week for which he was paid an average straight time rate of $14.00 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether

Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By: s/ Robert Manteuffel
J.H. Zidell, Esq.
Texas Bar No.: 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
Texas Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:   (972) 386-7610

**COUNSEL FOR PLAINTIFF**